832 P.2d 201

**In the Matter of Fred Philip TALMADGE, a Member of the State Bar of Arizona, Respondent.**

**No. SB-92-0028-D.**

Supreme Court of Arizona.

June 1, 1992.

Yigael M. Cohen, Bar Counsel, Harriet L. Turney, Chief Bar Counsel, Phoenix, for the State Bar of Arizona.

## JUDGMENT AND ORDER OF CENSURE

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed,

IT IS ORDERED, ADJUDGED AND DECREED that:

1. FRED PHILIP TALMADGE, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the Commission report attached hereto as Exhibit A.

2. Respondent shall pay to the State Bar of Arizona costs and expenses incurred in this matter in the sum of $508.14 with interest at the legal rate, within thirty days from the date hereof as provided by law.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

### OF THE

### SUPREME COURT OF ARIZONA

Comm. No. 88-0989

DISCIPLINARY COMMISSION REPORT

Filed April 13, 1992

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on March 14, 1992. Oral argument having been waived by stipulation, the Commission reviewed the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for censure and probation.

### Decision

After review of the record on appeal, the Commission, by a unanimous vote of nine aye, adopts the committee's recommendation that the agreement for discipline providing for censure and probation for a period of one year, under the terms and conditions set forth by separate order of the Commission, be accepted, and so orders. The Commission also unanimously adopts the committee's findings of fact and conclusions of law.

## Facts

Respondent received an informal reprimand in April 1987, relating to his appointment by the county to represent a woman on a Rule 32 petition for post-conviction relief. In that matter, Respondent performed virtually no work for his client, continuously failed to respond to her letters, and failed to communicate with her. In response to a letter from the client, the State Bar sent a letter to Respondent requesting that he contact his client. Although Respondent indicated he would contact her, he failed to do so. This resulted in the issuance of the informal reprimand.

Subsequent to the informal reprimand, and despite his avowals to the contrary, Respondent continued his course of non-action with this client; he again failed to represent her with diligence, by failing to meet with her, failing to respond to her letter, and failing to keep her informed of the status of her case. Finally, he never filed the Rule 32 petition.

In addition to the above facts, which Respondent has admitted in the agreement for discipline by consent, the complaint alleges that Respondent failed to respond to a letter from the State Bar requesting specific information on this matter. Respondent, however, explains that he never received that letter.

In response to the additional allegation in the complaint that he failed to respond to his client's requests for the transcripts of her trial, Respondent states that those transcripts were unnecessary and unaffordable, as they would have been at the taxpayers' expense.

## Discussion of Decision

The hearing committee found, and Respondent admitted, that his conduct demonstrated a lack of diligence, in violation of ER 1.3, and a failure to maintain adequate communication with his client and keep her informed of the status of her case, in violation of ER 1.4. The Commission agrees with the committee's finding.

This is a unique case, in that the complaint arose out of a case for which Respondent had already been informally reprimanded for his lack of diligence and failure to communicate with his client. Now, five years later, Respondent is again before the Commission on a complaint concerning the same client, the same case, and involving the same ethical violations.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the supreme court. *In re Rivkind*, 164 Ariz. 154, 791 Ariz. [P.2d] 1037, 1040 (1990).

In this instance, the Standards indicate censure is the appropriate sanction. Standard 4.4 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. In failing to actively pursue his client's case and failing to respond to letters from his client, despite his statements to the contrary, Respondent was clearly negligent.

In aggravation, as listed in Standard 9.22, the Commission found that Respondent has been informally reprimanded on three separate occasions. Although each instance giving rise to those reprimands, taken by itself, was relatively minor, the conduct involved was similar to the misconduct in the present matter; taken together, this creates a clear pattern of misconduct.

This is Respondent's fourth time through the disciplinary process. However, the Commission notes that Respondent had been practicing law for nearly thirty years before receiving his first reprimand. The prior reprimands, issued in 1991, 1987, and 1984, were also for lack of diligence, failure to communicate, and, in one case, delay.

At first blush it may appear that a fourth infraction would warrant suspension. However, the Commission takes note of the fact that this pattern of similar violations is preceded by thirty "clean" years. The Commission suggests that, had Respondent been placed on probation, with

terms crafted to enhance his understanding of office management, in conjunction with his previous sanctions, this fourth incident may not have occurred. Therefore, the Commission believes that censure with a period of probation, the terms of which have been created specifically to heighten Respondent's awareness level of his cases and his case load, in addition to familiarizing him with good office management practices, will best serve to educate Respondent and, therefore, prevent future misconduct. In addition, this will serve the purpose of discipline, which is not to punish the respondent, but to protect the public, the profession, and the administration of justice. *In re Pappas*, 159 Ariz. 516, 768 P.2d 1161 (1988).

The Commission agrees with Respondent, the State Bar, and the committee that censure, with probation, is the appropriate sanction in this instance. The Commission therefore, orders that Respondent be publicly censured, and placed on probation for a period of one year.

DONE at Yuma, Arizona, on April 11, 1992.

/s/ Larry W. Suciu
Larry W. Suciu
Chairman